# UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH  (973) 645-4693
BANKRUPTCY JUDGE  Fax: (973) 645-2606

**NOT FOR PUBLICATION**

April 9, 2008

**FILED**
JAMES J. WALDRON, CLERK

**APRIL 9, 2008**

U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY: s/ Ronnie Plasner, DEPUTY

## LETTER OPINION
## ORIGINAL FILED WITH THE CLERK OF THE COURT

Lowenstein Sandler PC
Kenneth A. Rosen, Esq.
65 Livingston Avenue
Roseland, New Jersey 07068
***Counsel to the Debtors
and Debtors in Possession***

Goodwin Procter LLP
Emanuel C. Grillo, Esq.
599 Lexington Avenue
New York, New York 10022
***Co-Counsel for TriDec Acquisition Co., Inc.***

United States Department of Justice
Office of the United States Trustee
Kelly Beaudin Stapleton
United States Trustee, Region 3
Donald F. McMaster, Esq.
One Newark Center, Suite 2100
Newark, New Jersey 07102

Okin, Hollander & DeLuca, L.L.P.
Paul S. Hollander, Esq.
Gregory Kinonian, Esq.
One Parker Plaza
Fort Lee, New Jersey 07024
***Counsel to the Examiner,
Perry M. Mandarino, CPA***

Saiber LLC
Nancy A. Washington, Esq.
Mark A Roney, Esq.
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
***Counsel for Hecny Transportation Limited
and Hecny Shipping Limited***

Bell, Boyd & Lloyd LLP
Irving B. Levinson
John S. Delnero
70 West Madison Street, Suite 3100
Chicago, Illinois 60602
***Counsel for Hecny Transportation Limited
and Hecny Shipping Limited***

Page 2
April 9, 2008

**Re:   In re Summit Global Logistics, et al.**
       **08-11566 (DHS)**

Dear Counsel:

Before the Court is a motion filed by Summit Global Logistics, Inc. and its jointly administered affiliates[1] (hereinafter collectively referred to as "SGL" or "Debtors") to quash a Rule 2004 subpoena ("Examiner Subpoena") issued by Hecny Transportation Limited and Hecny Shipping Limited (hereinafter collectively referred to as "Hecny") to the Court Appointed Examiner, Perry M. Mandarino, CPA ("Examiner"). The Debtors argue that: (i) the Examiner Subpoena is an "end-run" to the Court's February 28, 2008 Order quashing Hecny's other Rule 2004 subpoenas issued to several members of management; (ii) Hecny is sidestepping the discovery mechanisms under the Federal Rules of Civil Procedure to investigate claims it raised in its pending adversary proceeding in this Court, *Hecny Transporation Limited, et al. v. Summit Global Logistics, Inc., et al.,* Adv. Proc. No. 08-01241; and (iii) Hecny is harassing the Debtors by attempting to impede the Section 363 asset sale process.

Hecny filed opposition six days after the Court approved the Debtors' Section 363 sale of substantially all of its assets to TriDec Acquisition Company ("TriDec" or "Purchasers"). Hecny contends: (i) the Debtors can no longer maintain that disclosure is burdensome as the sale to TriDec has been completed; (ii) the information sought is discoverable under either Rule 2004 or the Federal Rules of Civil Procedure; (iii) the Debtors have failed to demonstrate how the Examiner Subpoena is unduly burdensome as they are a third-party to the subpoena; and (iv) the scope of the Examiner Subpoena is limited to whether the sale process was fair and open and the extent and perfection of the liens held by Fortress Credit Corporation[2], the Senior Secured Lender, and not related to Hecny's adversary claims. In addition, Hecny filed an appeal of the sale Order on April 3, 2008 but no stay pending appeal was sought. The Debtors' asset sale to TriDec closed on April 4, 2008.

The Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1334 and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper under 28 U.S.C.

---

[1] The jointly administered Debtors are: (1) Summit Global Logistics, Inc.; (2) AmeRussia Shipping Company, Inc., (3) AMR Investments, Inc.; (4) Clare Freight Los Angeles, Inc.; (5) Fashion Marketing, Inc.; (6) FMI Express Corp.; (7) FMI Holdco I, LLC; (8) FMI International Corp.; (9) FMI International Corp. (West); (10) FMI International LLC; (11) FMI Trucking, Inc.; (12) Freight Management LLC; (13) Maritime Logistics US Holdings Inc.; (14) SeaMaster Logistics, Inc.; (15) Summit Logistics International Inc.; (16) TUG New York, Inc.; and (17) TUG USA, Inc.

[2] Fortress Credit Corporation is the administrative and collateral agent for and on behalf of the following Lenders: Fortress Credit Opportunities I LP, Fortress Credit Opportunities II LP, Fortress Partners Fund LP, Fortress CLO GP LLC, Fortress Credit Funding III LP, Fortress Credit Funding IV LP, Ableco Finance LLC, and Plainfield Direct LLC.

Page 3
April 9, 2008

§§ 1408 and 1409. For the reasons stated hereafter, the Debtors' motion to quash Hecny's Examiner Subpoena is hereby granted.

## Statement of Facts and Procedural History

Since the inception of the Debtors' Chapter 11 case, Hecny, an unsecured creditor, has maintained that the Debtors misappropriated Hecny's assets alleging that the Debtors conspired with former Hecny employee, Jerry Huang, and his wife, Han Huy Ling, to create the Debtors' China-based entity, SeaMaster. Hecny has opposed the Debtors' Chapter 11 efforts and sale process.

Prior to the instant motion, on February 15, 2008, the Debtors filed a motion to quash Rule 2004 subpoenas issued by Hecny towards various individuals affiliated with the Debtors. Hecny thereafter filed a cross-motion to compel on shortened time and the Court heard oral argument on February 28, 2008 after which the Court granted the Debtors' motion to quash and denied Hecny's cross-motion. In the oral opinion, the Court noted that Rule 2004 examinations were inappropriate due to the efforts required by the individuals in the sale process and the apparent goal of the subpoenas to advance Hecny's claim in the pending action in the United States District Court for the District of New Jersey. *Motion to Quash Hr'g Tr. 21:17-22:21 (February 28, 2008).* At that time, in response to Hecny's request, the Court stated that Hecny could speak with the Examiner and his Counsel in an effort to obtain information and if any concerns arose they could be brought back to the attention of this Court. *Id. at 23:2-24:10.* The Court clearly stated that no decision was being made as to discovery related to the Examiner because neither the Examiner nor his Counsel were present in Court at the time. *Id. at 24:7-10.*

Almost immediately thereafter, Hecny issued the instant Rule 2004 subpoena to the Examiner. The Debtors object submitting that Hecny is a direct competitor and if it has access to certain types of information that it would provide Hecny with a competitive advantage. Therefore, the Debtors proposed a resolution to Hecny that would comport with this Court's February 28, 2008 Order and prevent disruption to the sale process whereby the Debtor would provide access to certain documents that were not subject to attorney-client privilege or did not contain non-public, proprietary business information. The Debtor offered to produce the teaser prepared by the Debtors' investment banker, Gordian Group, redacted Board of Director meeting minutes, and copies of all UCC filings. The Debtors also referenced the schedules and statements filed in the bankruptcy case. Rather than contact Debtors' Counsel directly, Hecny emailed the Examiner's Counsel stating that no accord was reached and Hecny would seek to enforce the Examiner Subpoena.

Hecny maintains that it seeks discovery on the sale process to determine whether the assets were purchased in good faith, if the purchase price was fair to all creditors and to assist Hecny in determining

Page 4
April 9, 2008

exactly what assets were sold which is the crux of Hecny's claims in its suits in the District Court,[3] Hong Kong, and the pending adversary action in this Court relative to assets it believes the Debtors misappropriated from Hecny. Meanwhile, the Debtors aver that Hecny's efforts are solely to harass and further its claim that is contingent, disputed and unliquidated.

## **Discussion**

Federal Rule of Bankruptcy Procedure 2004 provides "[o]n motion of any party in interest, the court may order the examination of any entity." FED. R. BANKR. P. 2004(a). Rule 2004 further provides the examination "may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to discharge." *Id.* Rule 2004's scope "has been explained as a broad investigation into the financial affairs of the debtor for the purpose of the discovery of assets of the estate and the discovery of fraudulent conduct." *2435 Plainfield Ave., Inc. v. Twp. of Scotch Plains*, *(In re 2435 Plainfield Ave., Inc.)*, 223 B.R. 440, 456 (Bankr. D.N.J. 1998) (citations omitted). Courts, in fact, recognize that Rule 2004 examinations are broad, unfettered and in the nature of fishing expeditions. *See In re Valley Forge Plaza Assoc.,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). It should be noted that:

> [T]he breadth of scope of a [Rule] 2004 examination derives from the particular purpose for which [Rule] 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a Trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor that might be intentionally concealed or overlooked in ignorance or haste.

*Id.* (citing *In re Cinderella Clothing Indus., Inc.*, 93 B.R. 373, 377 (Bankr. E.D. Pa. 1988) (other citations omitted) (emphasis added)). To that end, "[t]hird parties having knowledge of the debtor's affairs, as well as a debtor itself, are subject to examination." *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (citations omitted).

There are limits on the availability of Rule 2004 as a discovery tool. For example, a majority of courts "have prohibited a Rule 2004 exam of parties involved in or affected by an adversary proceeding while it is pending." *In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 455-56 (citing *In re Valley Forge Plaza Assoc.*, 109 B.R. at 674 (stating that "once an adversary proceeding or a particular contested matter is under way, discovery sought in furtherance of litigation is subject to the F. R. Civ. P. rather than the broader bounds of R2004") (collecting cases) (other citations omitted)).

---

[3]The Court has learned that the District Court Action has been administratively dismissed *sua sponte*. This fact was not referred to nor disclosed by Hecny in its pleadings or at oral argument.

Page 5
April 9, 2008

The reason for this limitation on the availability of Rule 2004 as a discovery device stems from the distinction between the broad scope of a Rule 2004 examination and the more restricted nature of discovery permitted under the Federal Rules of Civil Procedure. For example, while the scope of an examination under Rule 2004 is far-reaching, discovery rules in adversary proceedings and contested matters are more restrictive with respect to the threshold requirement of relevance and in regards to protections available to subpoenaed parties. As such, "'courts will usually not allow a 2004 exam where an adversary proceeding is pending, because the party requesting the exam is likely seeking to avoid the procedural safeguards of Bankruptcy Rules 7026-7037.'" *In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 456 (quoting WILLIAM L. NORTON, JR., 6 NORTON BANKRUPTCY LAW & PRACTICE § 141:35 (2d ed. 1998)). In addition, the party seeking to conduct a Rule 2004 examination bears the burden of showing cause. *See generally In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 440. Moreover, the expansive nature of Rule 2004 should not be permitted to exact prejudice or injustice on the subpoenaed party. *See id.* at 456.

Federal Rule of Civil Procedure 45, made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9016, provides in relevant part:

> On timely motion, the issuing court must quash or modify a subpoena that:
> (i) fails to allow reasonable time to comply;
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed or regularly transacts business in person – except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
> (iii) requires disclosure of privileged or other protected matter if no exception or waiver applies, or
> (iv) subjects a person to undue burden.

FED. R. CIV. P. 45(c)(3)(A) (2007). The burden of proof to demonstrate a subpoena's undue burden lies with the objector to the subpoena. *See Official Committee of Unsecured Creditors v. Ashdale (In re LaBrum & Doak)*, 1998 Bankr. LEXIS 925, at *6-7 (Bankr. E.D. Pa. July 27, 1998) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44, 49 (S.D.N.Y. 1996)). Courts take into account "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp.,* 169 F.R.D. at 49 (citations omitted). Another consideration is the value of the information to the issuing party in comparison to the burden imposed on the subpoenaed party. *See Travelers Indem. Co. v. Metro. Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005). Once a motion to quash a subpoena is filed, the subpoena's issuer must show good cause for the Rule 2004 examination. *See In re Eagle-Picher Indus., Inc.*, 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994). Once

Page 6
April 9, 2008

good cause is established, the objecting party must convince the court of the impropriety of the Rule 2004 examination. *See In re Buick*, 174 B.R. 299, 304 (Bankr. D. Colo. 1994).

In the instant matter, the Debtors argue that Hecny is seeking to circumvent the Court's prior Order quashing other Rule 2004 subpoenas by seeking the same documents from the Examiner. The Debtors contend that the documents sought are those of the Debtors and Gordian Group, thus, a subpoena to the Examiner is improper particularly because its purpose is to further Hecny's claims in its pending cases against the Debtors. Additionally, at the time of the sale hearing, the only opposition was that of Hecny, resulting in a contested matter, thus the Federal Rules of Civil Procedure should be utilized. *See In re 2435 Plainfield Ave., Inc.*, 223 B.R. at 455-56. One factor that courts consider when addressing a motion to quash is the need of the subpoenaed party for the documents. *See Concord Boat Corp.,* 169 F.R.D. at 49. Where, as here, if the documents can be obtained from their original sources, then arguably that is the more appropriate party to subpoena. Additionally, the relevance of documents pertaining to the asset sale is now moot since the sale has been authorized. Those documents may be relevant to Hecny's underlying claims, but can be obtained in the ordinary process of discovery during the adversary proceeding. Furthermore, Hecny and the Debtors have entered into a consent order scheduling discovery in their pending adversary through which Hecny can seek such documents. Such discovery requests were to have been exchanged by March 31, 2008. If such discovery proves inadequate or disputes arise, the parties may seek Court assistance for a resolution. That is the appropriate forum for such discovery.

Moreover, Hecny asserts in its opposition that the discovery sought about the asset sale is "necessary for Hecny's appeal." Hecny repeatedly contends that the true intention of the subpoena is to analyze the sale process and whether the purchasers are of good faith and whether the purchase price was reasonable and fair to the creditors. These are precisely the issues which the Court analyzed and ruled upon in its Opinion and Order authorizing the Debtors' Section 363 asset sale to TriDec on March 26, 2008.

Bankruptcy Rule 8006 provides that "[t]he record on appeal shall include the items so designated by the parties, the notice of appeal, the judgment, order or decree appealed from, and any opinion, findings of fact, and conclusions of law of the court." FED. R. BANKR. P. 8006; *Nantucket Investors II v. Ca. Fed. Bank (In re Indian Palm Assocs., Ltd.)*, 61 F.3d 197, 203 (3d Cir. 1995). Clearly, "the appellate record should contain 'all documents and evidence bearing on the proceedings below and considered by the Bankruptcy Judge in reaching his decision.' Items not before the Bankruptcy Court and not considered by it in rendering its decision may not be included in the record." *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 802 (E.D. Pa. 1986) (citations omitted). Here, Hecny's appeal of this Court's Order authorizing the sale of substantially all of the Debtors' assets is limited to the evidence and testimony heard by this Court. Hecny's attempt to seek subsequent discovery for use in its appeal is improper.

Finally, at oral argument, the Debtors and the United States Trustee raised policy considerations regarding whether examiners may be subpoenaed after filing their report. The Debtors argued that a

Page 7
April 9, 2008

"chilling effect" would result whereby parties may hesitate to provide an examiner with confidential or proprietary information if it could be so easily discoverable. Both Debtor's counsel and the United States Trustee noted the expedient nature of the sale process and the parties' efforts to cooperate with the Examiner's information requests to facilitate his report in the required time frame. The Debtors also stated that had they believed the confidential information they provided to the Examiner would later be discoverable, they would have sought Court protection initially, but instead, the Examiner and the Debtors acted in good faith disclosing necessary information for the Examiner's evaluation of the sale process. Here, the Examiner provided a thorough investigation into the sale process and provided a valuable service in his Court-appointed role. The documents sought may be obtained directly from the Debtors and other litigants in the pending adversary proceeding, upon compliance with the Federal Rules of Bankruptcy Procedure. Rule 2004 subpoenas are not a substitute for such compliance.

## Conclusion

For the foregoing reasons, the Debtors' motion to quash the Examiner Subpoena is hereby granted. Hecny may proceed with discovery in accordance with the Federal Rules of Bankruptcy Procedure within the context of its pending adversary proceeding in this Court. An Order in conformance with this Opinion has been entered by the Court and a copy is attached.

Very truly yours,

*/s/ Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure